J-S46034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALBERTO MELLON ROSEMBERT, | : | |
| | : | |
| Appellant | : | No. 2002 MDA 2013 |

Appeal from the PCRA Order entered on October 2, 2013
in the Court of Common Pleas of Luzerne County,
Criminal Division, No. CP-40-CR-0001198-2011

BEFORE: SHOGAN, LAZARUS and MUSMANNO, JJ.

JUDGMENT ORDER BY MUSMANNO, J.: **FILED AUGUST 18, 2014**

Alberto Mellon Rosembert ("Rosembert") appeals from the Order denying his first Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. Rosembert's counsel, Matthew P. Kelly, Esquire ("Kelly"), has filed a **Turner**/**Finley**[1] Brief and a Petition to Withdraw as Counsel. We deny the Petition to Withdraw and direct Kelly to either file a proper **Turner**/**Finley** "no-merit" letter and petition to withdraw, or file an advocate's brief.

The procedure for withdrawal by PCRA counsel pursuant to **Turner**/**Finley** is as follows:

1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3) The PCRA counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4) The PCRA court conducting its own independent review of the record; and

5) The PCRA court agreeing with counsel that the petition was meritless.

**Commonwealth v. Pitts**, 981 A.2d 875, 876, n.1 (Pa. 2009) (citation and brackets omitted). Further, PCRA counsel seeking to withdraw must contemporaneously forward to the petitioner a copy of the petition to withdraw that includes "(i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel." **Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa. Super. 2011).

Here, Kelly provided Rosembert with notice of his intention to seek permission to withdraw from representation, a copy of the **Turner**/**Finley** Brief filed on his behalf, and advised Rosembert of his rights in lieu of representation. However, while Kelly identified the issues that Rosembert sought to raise in the **Turner**/**Finley** Brief, Kelly failed to detail the nature and extent of his review, or explain why the issues lack merit. **See Pitts**, 981 A.2d at 876 n.1.

Thus, within thirty (30) days of the date this Order is filed, we order Kelly to file a proper ***Turner***/***Finley*** "no-merit" letter and fulfill the additional requirements to withdraw under ***Turner***/***Finley***, or file an advocate's brief. In the event Kelly files an advocate's brief, the Commonwealth will be permitted thirty (30) days to respond from the filing of the brief.

Petition to Withdraw denied; panel jurisdiction retained.

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
                                    :           OF LUZERNE COUNTY
     v.                           :

                                      :          CRIMINAL DIVISION

ALBERTO MELLON ROSEMBERT      :
a/k/a "SMURK",                 :
              Defendant      :        No. 1198 CR 2011

## OPINION

## PROCEDURAL HISTORY

The Defendant, Alberto Mellon Rosembert, was arrested on October 14, 2010 for the following charges: Corrupt Organizations, 18 Pa.C.S.A. 911 (b) (3); Corrupt Organizations; 18 Pa.C.S.A. 911 (b) (1-4); Manufacture, Delivery and Possession with the Intent to Deliver a Controlled Substance, 35 Pa.C.S.A. 780 – 113 (a) (3), 7 counts; Criminal Use of a Communication Facility; 18 Pa. C.S.A. 7512 (a).

On January 3, 2012, Attorney David Lampman was appointed to represent the Defendant. Thereafter, on April 23, 2012, the Defendant, Alberto Mellon Rosembert, plead guilty to the following offenses before the Honorable Senior Judge Kenneth Brown; Corrupt Organizations, (Count 1); Delivery of a Controlled Substance, (Count 4) (Heroin); Delivery of a Controlled Substance, (Count 6) (Heroin). The Defendant, Alberto Mellon Rosembert, waived his right to a presentence investigation and agreed on the record to proceed to immediate sentencing.

Subsequent thereto, the Honorable Senior Judge Kenneth Brown, sentenced the Defendant as follows:

1. Delivery of a Controlled Substance, Count 6: 3-6 years state confinement;

1

2. Delivery of a Controlled Substance, Count 4: 2-4 years state confinement, consecutive to Count 6;

3. Corrupt Organizations, Count 1: 21 months to 4 years state confinement, consecutive to Count 6 and Count 4.

The Defendant filed the instant Post-Conviction Collateral Relief Petition (hereinafter Petition) claiming ineffective assistance of counsel seeking to be allowed to withdraw his guilty plea or to have his appellate rights reinstated.

## ISSUES PRESENTED

Whether Counsel was ineffective:

(1) In preparation for trial?

(2) In failing to challenge the prior record score used or the weight of the heroin?

(3) In failing to file an appeal to the Superior Court on Defendant's behalf?

## DISCUSSION:

### Ineffective Assistance of Counsel

Pursuant to the Post Conviction relief Act, 42 Pa. C.S.A. Section 9543, to be eligible for relief, the Petitioner must plead and prove by a preponderance of the evidence his conviction or sentence resulted from one or more of the enumerated errors in Section 9543(a)(2). The burden of properly pleading and proving claims or errors falls upon the Defendant. Commonwealth vs. Thomas, 44 A. 3rd 12 (Pa. 2012).

To obtain relief on a claim of ineffective assistance of counsel, the Petitioner must show (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for Counsel's action or inaction; and (3) counsel's error caused prejudice such that there is a reasonable probability that the proceeding would have been

2

different absent such error. Commonwealth vs. Dennis, 17 A 3rd 297, 301 (Pa. 2011), citing Commonwealth vs. Pierce, 527 A 2nd 973, 975 (Pa. 1987).

In reviewing any particular claim of ineffectiveness, the Court need not determine whether the first two prongs of this standard are met if the record shows the Petitioner has not met the prejudice prong. Commonwealth vs. Travaglia. 541 Pa. 108, 661 A. 2nd 352, 357 (1995) cert. denied 516 U.S. 1121, 116 S. Ct. 931; Commonwealth vs. Collins, 888 A. 2nd 564 (Pa. 2005). Further, it is clear that the burden of proving ineffectiveness of counsel rests with the Petitioner because counsel's stewardship of the trial is presumptively effective. Commonwealth vs. Wilson, 543 Pa. 429, 672 A. 2nd 293, cert. denied 519 U.S. 951, 117 S. Ct. 364 (1996).

To sustain a claim of ineffectiveness, the Petitioner must prove that the strategy employed by trial counsel "was so unreasonable that no competent lawyer would have chosen that course of conduct." Commonwealth vs. Williams, 640 A. 2nd 1251, 1265 (Pa. 1994).

The first issue raised by the Defendant asserts that trial counsel was ineffective in preparation for trial. The Defendant alleges that trial counsel was unprepared to proceed to trial.

The record is clear that trial counsel did request continuances of the April 23, 2012 trial date by motion on April 17, 2012 and April 18, 2012. In counsel's motions, he contended that due to his heavy case load as a conflict counsel, he required more time to prepare. Both requests were denied by the Court.

In the instant matter, Defendant's position is that, because trial counsel was unprepared for trial and did not adequately consult with him to prepare possible defenses, he felt coerced at the time of his plea hearing to enter a guilty plea. However, at that hearing, the Defendant testified that it was his decision to plead

3

guilty and that he was satisfied with the representation provided by counsel. Consequently, the Defendant is bound by the statements made during the plea colloquy and cannot now offer contradictory reasons for withdrawing his plea. A defendant may not be pleased with the results of entering a guilty plea, but he cannot now obtain relief by claiming he felt pressured by counsel to plead guilty. Commonwealth v. Brown, 48 A.3rd 1275 (Pa. Super. 2012).

However, the record is also clear, that on numerous occasions, trial counsel met with the Defendant (NT 37) and that there were discussions about the case, including the proposed plea offers. Further, trial counsel testified that, in his opinion, trial was not in the Defendant's best interest and that Defendant informed him that he did not want to go to trial, but rather, wanted a better plea offer (NT 41, 54). In line therewith, the Defendant forwarded a letter to trial counsel indicating that a guilty plea was in his best interest and requesting that the plea be accomplished as quickly as possible (NT 41). (Hereinafter all designations "NT" refer to the PCRA hearing of August 28, 2013, and all references to "4/23/12" refer to the guilty plea/sentencing hearing of April 23, 2012).

While trial counsel indicated he would have preferred to have more time to prepare for trial, he testified that he could have tried the case, that the Defendant did not want to go to trial, and further, that he did not pressure the Defendant, nor threaten the Defendant, to take a plea. (NT 46-47). The record reveals that trial counsel consulted with the Defendant on numerous occasions, discussed discovery, potential witnesses, and the damaging testimony which could be anticipated at time of trial. (NT 38-40). Defendant intelligently and knowingly entered the plea after thorough consultation with trial counsel.

During the PCRA hearing, the Defendant testified in response to questions from the Commonwealth's attorney concerning his guilty plea as follows:

4

Q. Okay. You can't recall. But you remember entering a plea of guilty that day, right?

A. Yes, I do, sir. (NT 27)

Q. As a matter of fact, do you remember during the course of that guilty plea hearing that Judge Kenneth Brown had asked you whether or not you had delivered heroin on certain dates, October 4th, 2010 being one of those dates?

A. Right.

Q. And do you remember telling Judge Brown, yes?

A. Right.

Q. And do you remember Judge Brown asking you whether or not you delivered heroin on other dates?

A. (No response.)

Q. And do you remember Judge Brown asking you?

A. Right.

Q. And do you remember telling Judge Brown, yes?

A. Right.

Q. Now, do you remember Judge Brown going through and explaining to you what the elements of a corrupt organization were?

A. Yes.

Q. And do you remember Judge Brown telling you what the Commonwealth is required to prove?

A. Right.

Q. And do you remember my colloquy saying this Defendant had transported controlled substances from New Jersey to Luzerne County for the purposes of distribution?

A. Right.

Q. And do you remember telling Judge Brown yes, I did that?

A. Yes.

(NT 28-29)

Q. Now did you ever during this time---during this time, did you ever tell Judge Brown during the course of this guilty plea colloquy that you were ever dissatisfied with your lawyer?

A. No.

(NT 30)

5

The guilty plea colloquy in the instant matter inquired into the following required areas:

1. The Defendant understood the nature of the charges to which he was pleading guilty (NT 18-19, 4/23/12 );
2. There was a factual basis for the plea (NT 19-29, 4/23/12);
3. The Defendant understood that he had the right to trial by jury (NT 8-10, 4/23/12);
4. The Defendant was informed that he was presumed innocent until he was found guilty (NT 8, 4/23/12);
5. The Defendant was aware of the permissible range of sentences and/or fines for the offenses charged (NT 10-12, 4/23/12);

A Defendant is bound by the statements made during the plea colloquy, and defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled. Commonwealth v. McCauley, 797 A.2d 920, 922 (Pa. Super. 2001). Claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness actually caused an involuntary or unknowing plea. Id.

The law does not require that a defendant be pleased with the results of the decision to enter a guilty plea; rather "[a]ll that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily, and intelligently made." Commonwealth v. Moser, 921 A.2d 526, 528-29 (Pa. Super. 2007).

In his next issue, Defendant alleges that trial counsel was ineffective in failing to challenge the prior record score used or the weight of the heroin at the time of sentencing. This Court would merely note that the Defendant's sentencing was a matter of agreement pursuant to the plea agreement entered into between the Defendant and the Commonwealth. (NT 3-7, 04/23/12)(NT 72). Consequently in that the Defendant received a sentence, including the RRRI minimum, negotiated

6

between the parties, and further taking into consideration the guilty plea colloquy before the trial judge, this Court finds that the Defendant's claim of ineffectiveness based upon prior record score and weight to be without merit. Commonwealth v. Brown, 982 A.2nd 1017 (Pa. Super 2009), Commonwealth v. Dalberto, 648 A2nd 16 (Pa. Super 1994).

The final issued raised by the Defendant is whether Counsel was ineffective in failing to file an appeal on Defendant's behalf. The relief requested by the Defendant is a reinstatement of his direct appeal rights.

Generally, failure to file a requested direct appeal denies the accused the assistance of counsel and the right to a direct appeal, and in that instance, the accused is entitled to reinstatement of direct appeal rights. Commonwealth v. Mikell, 968 A.2d 779 (Pa. Super 2009); Commonwealth v. Lantzy, 736 A.2d 564 (Pa. 1999). In the instant matter, the Defendant testified that he instructed his trial counsel to appeal.(NT 14-15). In response to that allegation, trial counsel testified that the Defendant did not ask him to file an appeal. (NT 69). Trial counsel testified that "usually before someone takes a plea, I explain to them their post sentence rights. It is something I always explain. It's just standard practice." (NT 68-69) Further, in response to questioning from the court, trial counsel testified that he did not feel there was a meritorious basis for an appeal and again reiterated that the Defendant never asked that an appeal be taken. (NT 76)

Before a court will find ineffectiveness of trial counsel for failing to file a direct appeal, the appellant must prove that he requested an appeal and that counsel disregarded this request. Commonwealth v. Harmon, 738 A.2d 1023 (Pa. Super 1999), appeal denied 753 A.2d 815 (Pa. 2000).

The Court finds that trial counsel was credible in his testimony that he was never requested to file an appeal and further, that the Defendant has failed to

7

convincingly support the contention that a request for an appeal was actually made in this case. This Court holds that there was not an unjustified failure to file a requested direct appeal and therefore the conduct of counsel did not fall beneath the range of competence demanded of attorneys in criminal cases. Commonwealth v. Lantzy, Supra.

As noted above, trial counsel testified that he explains to defendants their post sentence rights prior to taking a plea. It is also noteworthy that the sentencing court specifically set forth the Defendant's post sentence rights as follows:

THE COURT: Okay. Mr. Rosembert, I'm obligated to go over your appeal rights at this point in time.

You have a right to file a motion to this Court within ten days seeking to convince the Court to change or modify the sentence. That will be filed, again, to this Court by your attorney seeking the change of sentence in some way.

You have a right to file what's called a Post Sentence Motion to this Court within ten days. That would raise any errors you feel were made in the case, specifically sentencing since you plead guilty; and you would have a right to file an appeal to the Pennsylvania Superior Court within 30 days.

Now, if you filed any motion to this Court and they're denied, the 30 days starts to run from the denial. If you decide to go directly to the Superior Court, which you can do, you don't have to file any motion with this Court. That 30-day period starts running from today.

The reason I stress that to you is that once the time deadlines go by, you're giving up your right to further appeal the case.

Do you understand your Rights?

THE DEFENDANT: How can I still appeal a sentence if this is what is written on a piece of paper?

THE COURT: Well, I didn't say it would be a good appeal.

THE DEFENDANT: Oh.

8

THE COURT: A defendant can always raise an issue if you feel there's some error. Obviously, if it's a plea agreement, you would be in a tough position to claim, there is some abusive discretion of the Court.

If there is some issue that you or your attorney feels exist, then you can raise it. Okay? Do you understand?

THE DEFENDANT: I understand.

(NT 56-57, 4/23/12)

It should also be noted that trial counsel testified that he did not feel there was any meritorious basis for an appeal after the guilty plea in that the Court had jurisdiction, trial counsel was effective, the Defendant had not receive an illegal sentence, but rather had received the sentence that was agreed upon. (NT 76). Commonwealth v. Boyd, 835 A.2nd 812 (Pa. Super 2003); Commonwealth v. Brown, Supra. The Court finds that a rational Defendant would not want to appeal as there were no non-frivolous grounds for appeal and this particular Defendant did not reasonably demonstrate to counsel that he was interested in appealing. Commonwealth v. Touw, 781 A.2d 1250 (Pa. Super 2001) citing Roe v. Flores-Ortega, 528 U.S. 470 (2000).

Therefore, the Court finds that the Defendant's final contention that trial counsel was ineffective in failing to file an appeal is without merit.

For the reasons set forth above, the Defendant's Petition is DENIED AND DISMISSED.

PIERANTONI, J.

9