J-S70031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PRENTICE THOMAS | |
| Appellant | No. 3092 EDA 2014 |

Appeal from the Judgment of Sentence June 27, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006992-2012

BEFORE: DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 02, 2015**

Prentice Thomas appeals from his judgement of sentence imposed by the Court of Common Pleas of Philadelphia County following his conviction for simple assault[1] and recklessly endangering another person (REAP).[2] After careful review, we affirm.

The relevant facts of this case are as follows. M.K., a minor, lived in Philadelphia with his mother, grandmother, and Thomas, who is his uncle. When M.K. was five or six years old, he witnessed an argument between his mother and Thomas, which upset him. As a result, he went upstairs to Thomas's room and tried to hurt him by punching him in the face.

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] 18 Pa.C.S. § 2701(b)(2).

[2] 18 Pa.C.S. § 2705.

In response, before M.K. was able to hurt him, Thomas, who was 35 years old at the time, grabbed M.K. by the neck and put him face down on the bed. Thomas squeezed M.K.'s neck, and as a result, M.K. had difficulty breathing and his face turned red.

Before trial, the trial court conducted a competency hearing pursuant to Pa.R.E. 601, and determined that M.K. was competent to testify. At trial, the court observed that Thomas would have been significantly larger and stronger than M.K. would have been at the time of the incident.

On March 14, 2014, at the conclusion of a non-jury trial, the court convicted Thomas of simple assault and REAP. At a hearing on June 27, 2014, the court sentenced Thomas to two to five years' incarceration for simple assault, followed by one day to twenty-four months' incarceration for REAP. At the conclusion of the hearing, counsel for Thomas made an oral motion for reconsideration.

On July 1, 2014, counsel filed a motion to reconsider sentence. The sole basis for the motion is that "[at Thomas's] June 27, 2014 sentencing, [Thomas] indicated that he wished the [c]ourt to reconsider his sentence, as he believed he would not live long enough to serve it in its entirety." Motion to Reconsider Sentence, 7/1/14, at 1. The court denied the motion, and this timely appeal followed in which Thomas presents the following issues for our review:

> 1. Whether the evidence was sufficient for the lower court to have found . . . Thomas to be guilty of the crimes of simple assault and recklessly endangering another person, or, in the

alternative, whether the verdict rendered against [Thomas] by the lower court was against the weight of the evidence.

2. Whether the lower court abused its discretion in denying [Thomas's] Motion for Reconsideration of Sentence.

Brief of Appellant, at 5.

In his first issue, Thomas argues that the Commonwealth failed to present sufficient evidence to support his convictions. This Court reviews the sufficiency of the evidence according to the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [this] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Chine**, 40 A.3d 1239, 1241-42 (Pa. Super. 2012).

At issue here is whether the Commonwealth proved the material elements of the charged crimes. Simple assault is graded as a first-degree misdemeanor when the crime is "against a child under 12 years of age by a person 18 years of age or older." 18 Pa.C.S. § 2701(b)(2). To convict

Thomas of simple assault, the Commonwealth was required to prove beyond a reasonable doubt that Thomas attempted to cause or intentionally, knowingly or **recklessly** caused M.K. bodily injury. 18 Pa.C.S. § 2701(a)(1) (emphasis added). Bodily injury is defined as an "impairment of physical condition or substantial pain." 18 Pa.C.S. § 2301.

Here, there was sufficient evidence to find beyond a reasonable doubt that Thomas had the requisite intent to commit simple assault. Thomas claims that he did not intend to harm M.K., and therefore he could not be convicted of simple assault. However, it was not necessary for the Commonwealth to demonstrate an intent to harm in order to convict Thomas of simple assault. Rather, the *mens rea* of recklessness is defined as "a conscious disregard of a known risk of death or great bodily harm to another person." **Commonwealth v. Emler**, 903 A.2d 1273, 1278 (Pa. Super. 2006), will suffice.

Viewing the evidence in the light most favorable to the Commonwealth, the trial court properly found that Thomas committed simple assault. Even if Thomas did not intend to injure M.K., at the very least he acted recklessly when he grabbed his nephew's neck and forced his face into the bed. Thomas was significantly older, larger, and stronger than M.K., thereby posing a significant risk of harming M.K. **See Emler**, **supra** (defendant properly charged with simple assault where he forcefully choked smaller man and used his much heavier body to pin victim to ground). Moreover, Thomas inflicted bodily injury, as M.K. had difficulty breathing,

turned red, and cried because of Thomas's actions. Thus, there was sufficient evidence to find Thomas guilty of simple assault.

To convict Thomas of REAP, the Commonwealth was required to prove that Thomas recklessly engaged in conduct that placed or may have placed M.K. in danger of death or serious bodily injury. 18 Pa.C.S. § 2705. Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. 18 Pa.C.S. § 2301.

The trial court properly found Thomas guilty of REAP. As previously noted, Thomas engaged in reckless conduct when he squeezed M.K.'s neck. Further, this reckless conduct placed M.K. in danger of death or serious bodily injury. It is of no moment that M.K. did not actually suffer serious bodily injury, as the Commonwealth need only prove that Thomas placed M.K. in danger of death or serious bodily injury. *See Commonwealth v. Cordoba*, 902 A.2d 1280, 1289 (Pa. Super. 2006) (defendant properly charged with REAP when he placed victim in danger of contracting HIV). Accordingly, there was sufficient evidence to support Thomas's convictions.

Thomas next argues that the verdict was against the weight of the evidence. Before reaching the merits of that question, we must determine whether the weight claim has been properly preserved for consideration on appeal. *Commonwealth v. Mikell*, 968 A.2d 779, 780 (Pa. Super. 2009).

The relevant rule, Pennsylvania Rule of Criminal Procedure 607, provides as follows:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
>> (1) orally, on the record, at any time before sentencing;
>>
>> (2) by written motion at any time before sentencing; or
>>
>> (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3).

Here, Thomas first raised his claim that the verdict was against the weight of the evidence in his brief on appeal. Because he did not comply with Rule 607, his claim is waived and we are precluded from engaging in appellate review.

Lastly, Thomas claims that the trial court abused its discretion by imposing a consecutive sentence of one to five years' incarceration for simple assault and one day to two years' incarceration for REAP. Thomas's allegation that his sentence was excessive is a challenge to the discretionary aspect of his judgment of sentence.

An appellate court must conduct a four-part analysis to reach the merits of a discretionary sentencing issue to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc) (quoting *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011)).

Here, Thomas filed a timely notice of appeal and preserved the issue in his motion to reconsider. However, in his brief to this Court, he has failed to include a statement of reasons relied upon regarding the discretionary aspect of sentence, as required by Pa.R.A.P. 2119(f). The Commonwealth objects to the defect, which ordinarily would result in waiver. *See Commonwealth v. Titus*, 816 A.2d 251 (Pa. Super. 2003). However, because the Commonwealth filed its brief beyond the date set by this Court in an order granting a second extension to file a brief, we decline to find waiver on this basis.

A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision in the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (en banc).

In his brief, Thomas asserts that the trial court abused its discretion by failing to take sufficient account of: (1) his psychological disability; and (2) the interfamily dynamics at play in this case.

We find this claim is waived because Thomas failed to reference it in his Rule 1925(b) statement, which simply notes, "[t]he court erred in

denying [Thomas's][m]otion for [r]econsideration of [s]entence." Statement of Errors Complained of on Appeal, 11/17/14, at 1. As noted above, the only issue raised in the motion for reconsideration is that "[at Thomas's] June 27, 2014 sentencing, [Thomas] indicated that he wished the [c]ourt to reconsider his sentence, as he believed he would not live long enough to serve it in its entirety." Motion to Reconsider Sentence, 7/1/14, at 1.

Rule 1925(b)(4)(ii) provides, in relevant part, that "[t]he [s]tatement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Failure to raise an issue in a Rule 1925(b) statement will result in waiver. *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (quoting *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998); *see also Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011) (finding waiver where Rule 1925(b) statement too vague).

Because the sentencing issues included in Thomas's appellate brief were not raised at the sentencing hearing, or in a motion for reconsideration or in a Rule 1925(b) statement, they are waived.

Judgment of sentence affirmed.[3]

---

[3] The Commonwealth's motion to seal the certified record is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/2/2015