**COMMONWEALTH of Pennsylvania, Appellee**

v.

**William MIKELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 2009.

Filed March 17, 2009.

---

David S. Rudenstein, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: ORIE MELVIN, ALLEN and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 This is an appeal from the order dismissing Appellant's petition filed pursuant to the Post Conviction Relief Act ("PCRA"). Appellant raises two issues for our review: (1) whether the PCRA court erred in refusing to reinstate Appellant's direct appeal rights *nunc pro tunc;* and (2) whether the PCRA court erred in failing to either grant Appellant relief on his petition or conduct an evidentiary hearing thereupon. We affirm.

██ ¶ 2 Our standard of review is as follows:

Our standard of review of a PCRA court's denial of a petition for postconviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed

unless there is no support for the findings in the certified record.

*Commonwealth v. Lawrence,* 960 A.2d 473, 476 (Pa.Super.2008) (citations omitted).

██ ¶ 3 Appellant first argues he is entitled to reinstatement of his direct appeal rights *nunc pro tunc* because his "appellate counsel caused any and all issues raised to be waived," thus, Appellant "was completely without a direct appeal." Appellant's brief at 10. Although Appellant neglects to include in his argument any discussion of the disposition of his direct appeal, a review of the memorandum filed in that appeal reveals that his appellate counsel did not cause the waiver of all appellate issues. Appellate counsel raised three issues on appeal: (1) sufficiency of the evidence; (2) weight of the evidence; and (3) prosecutorial misconduct. A panel of this Court found the sufficiency claim waived for failure to properly support it. This waiver is properly laid at the feet of appellate counsel. The panel found the weight issue waived because the trial court had not been able to address it due to its boilerplate-style presentation in post-sentence motions and in the court-ordered Statement of Matters Complained of on Appeal. A weight claim must be presented to the trial court before sentencing or in a post-sentence motion in order to preserve it for appeal. *Commonwealth v. Barnhart,* 933 A.2d 1061, 1066 (Pa.Super.2007) (citing Pa.R.Crim.P. 607(A)). Thus, this claim was waived at the time post-sentence motions were filed. Finally, the panel found the claim of prosecutorial misconduct waived at trial by "failing to offer a cautionary instruction and in specifically approving the charge that was given...." *Commonwealth v. Mikell,* 905 A.2d 1046 (unpublished memorandum at

---

* Retired Senior Judge assigned to the Superior Court.

unnumbered page 6). This claim was waived at trial.

¶ 4 In support of his argument that he was denied an appeal, Appellant relies on cases where appellate counsel failed to file a requested appeal,[1] failed to file a required Statement of Matters Complained of on Appeal,[2] or failed to file a properly developed appellate brief.[3] The appellants in those cases were found to have been deprived completely of their appeals. Appellant was not so deprived.

¶ 5 The relevant law is as follows: It is well-settled that "an accused who is deprived **entirely** of his right of direct appeal by counsel's failure to perfect an appeal is *per se* without the effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights." *Commonwealth v. Johnson*, 2005 PA Super 417, 889 A.2d 620, 622 (Pa.Super.2005) (emphasis added) (*citing Commonwealth v. Halley*, 582 Pa. 164, 870 A.2d 795 (2005) (failing to file a Pa.R.A.P.1925(b) statement on behalf of an accused seeking to appeal his sentence, resulting in the waiver of all claims, constitutes an actual or constructive denial of counsel and entitles the accused to a direct appeal *nunc pro tunc* regardless of his ability to establish the merits of the issues that were waived); *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999) (failing to file a requested direct appeal denies the accused the assistance of counsel and the right to a direct appeal, and the accused is entitled to reinstatement of his direct appeal rights)). *See Commonwealth v. Franklin*, 2003 PA Super 165, 823 A.2d 906 (Pa.Super.2003) (holding that rein-

statement of direct appeal rights was proper where the appellant's brief on direct appeal was so defective this Court found all issues to be waived). "In those extreme circumstances, where counsel has effectively abandoned his or her client and cannot possibly be acting in the client's best interests, our Supreme Court has held that the risk should fall on counsel, and not his client." *Commonwealth v. West*, 2005 PA Super 309, 883 A.2d 654, 658 (Pa.Super.2005).

However, it is also well-settled that the reinstatement of direct appeal rights is not the proper remedy when appellate counsel perfected a direct appeal but simply failed to raise certain claims. *See Johnson, supra.* Where a petitioner was not **entirely** denied his right to a direct appeal and only some of the issues the petitioner wished to pursue were waived, the reinstatement of the petitioner's direct appeal rights is not a proper remedy. *See Halley*, 582 Pa. at 172, 870 A.2d at 801 (noting the significant difference between "failures that completely foreclose appellate review, and those which may result in narrowing its ambit"); *Johnson, supra* (noting this Court has expressly distinguished between those cases where a PCRA petitioner is entitled to a direct appeal *nunc pro tunc* where prior counsel's actions, in effect, entirely denied his right to a direct appeal, as opposed to a PCRA petitioner whose prior counsel's ineffectiveness may have waived one or more, but not all, issues on direct appeal); *Commonwealth v. Ginglardi*, 2000 PA Super 222, 758 A.2d 193 (Pa.Super.2000) (indicating that where two of the three

---

**1.** *Commonwealth v. Bronaugh*, 447 Pa.Super. 522, 670 A.2d 147 (1995).

**2.** *Commonwealth v. Halley*, 582 Pa. 164, 870 A.2d 795 (2005).

**3.** *Commonwealth v. Franklin*, 823 A.2d 906 (Pa.Super.2003).

issues presented on direct appeal were waived the relief afforded under *Lantzy* was unavailable to a PCRA petitioner). In such circumstances, the appellant must proceed under the auspices of the PCRA, and the PCRA court should apply the traditional three-prong test for determining whether appellate counsel was ineffective.

*Commonwealth v. Grosella,* 902 A.2d 1290, 1293–94 (Pa.Super.2006) (footnotes omitted) (emphasis in original).

¶ 6 In *Grosella,* this Court found the appellant therein had not been denied his right to a direct appeal where appellate counsel had taken the steps necessary to ensure that this Court would review the one issue he presented on appeal. The issue concerned ineffective assistance of trial counsel; in accordance with caselaw, this Court dismissed that claim without prejudice to raise it on collateral review. Thus, although this Court ultimately did not review the issue on direct appeal, Appellant still enjoyed appellate review of his claim, and thus was afforded a direct appeal.

■ ¶ 7 Here, in his role as appellate counsel, Appellant's counsel took all the steps necessary for this Court to review at least one of Appellant's direct appeal claims: the claim of prosecutorial misconduct.[4,5] This Court found that claim to have been waived at trial and did not review its merits; however, Appellant still enjoyed appellate review of that claim. Accordingly, Appellant was not denied an appeal. *See Commonwealth v. Reaves,*

592 Pa. 134, 923 A.2d 1119, 1128–29 (2007) (finding failure to raise objection to sentence at lower court level did not entirely foreclose appellate review of the decision to revoke probation and to recommit defendant). Appellant is therefore not entitled to reinstatement of his direct appeal rights.

■ ¶ 8 Appellant next claims the PCRA court erred in failing to either hold a hearing or grant relief on multiple claims raised in his PCRA petition. Although Appellant lists seven such claims in his "Questions Presented"; he does not develop argument on several of them. Additionally, although he lists Question IIe as a challenge to appellate counsel's ineffectiveness (as it was raised in the PCRA petition), his argument (at Point 7) on this question makes no reference to appellate counsel and argues it solely as a challenge to trial counsel's ineffectiveness. This issue is waived, at a minimum, on the basis that it cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). After reviewing those questions for which he does offer argument, and following a thorough review of the record, the briefs of the parties, the relevant law, and the well-crafted opinion of the PCRA court, we find that the PCRA court properly disposed of these claims. Consequently, finding no error on the part of the PCRA court, and determining that the PCRA court opinion adequately and accurately disposes of Appellant's claims, we adopt the trial court's opinion as our own. *See* PCRA Court Opinion, 7/28/08 (finding: (1) trial counsel

4. While the weight-of-the-evidence claim was waived at the trial level, due to his failure to include the issue in the 1925 Statement, we cannot say appellate counsel took all steps necessary to allow this Court to address the issue on appeal.

5. Appellant's appellate counsel acted as co-counsel for Appellant at trial and as Appel-

lant's counsel in filing post-sentence motions; accordingly, all of the layers of waiver are, at least in part, due to his failings. However, in this inquiry, we examine only his actions in his role as appellate counsel, not all of the actions which happen to be attributable to him personally.

not ineffective for failing to raise weight of the evidence where weight claim was without merit; (2) trial counsel not ineffective for failing to request a cautionary instruction to comments of prosecutor where comments concerning the victim's mother did not create bias in jury and where court instructed jury such comments were not evidence; (3) trial counsel not ineffective for failing to object to nonresponsive answers where answers were responsive; and (4) trial counsel not ineffective for failing to object to comments of prosecutor concerning the victim's status as a working man where comments did not create bias in jury and where court instructed jury such comments were not evidence).

¶ 9 Order affirmed.

¶ 10 Judge ORIE MELVIN concurs in the result.