J-S65035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DENNIS JOHN VELEZ, | |
| Appellant | No. 799 EDA 2014 |

Appeal from the PCRA Order January 31, 2014
in the Court of Common Pleas of Lehigh County
Criminal Division at No.: CP-39-CR-0004257-2010

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                 **FILED FEBRUARY 24, 2015**

Appellant, Dennis John Velez, purports to appeal *nunc pro tunc* from the judgment of sentence imposed following entry of a negotiated guilty plea to third-degree murder and conspiracy to commit robbery.[1] Appellant challenges the discretionary aspects of his sentence, contending that the trial court imposed the statutory maximum sentence because of its bias or ill will against him. We are constrained to conclude that the PCRA court erred in reinstating Appellant's right to file a post-sentence motion *nunc pro tunc*. We therefore vacate the January 31, 2014 order reinstating this right and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c) and 903(c), respectively.

remand to the PCRA court for proceedings consistent with this memorandum.

A previous panel of this Court set forth the factual history of this case as follows:

> Appellant and Christian Bueno set out in the early morning hours of September 8, 2007 intending to find a victim to rob. A third person, Amarilys Soto drove their vehicle. The pair came upon Debra Robertson who was asleep in her van which was parked in the parking lot of Diamondz nightclub in Bethlehem. During the course of the robbery, Bueno shot and killed Robertson. Ultimately, when [A]ppellant became a suspect, he cooperated with police, and helped in the prosecution of Bueno. Soto was not charged.

(**Commonwealth v. Velez**, No. 3104 EDA 2011, unpublished memorandum at *1 (Pa. Super. filed Sept. 17, 2012)).

On September 15, 2011, Appellant pleaded guilty to the above-stated offenses. The only condition of Appellant's open plea agreement was that the trial court would run the sentences it imposed concurrently. In exchange for the plea, Appellant agreed to testify truthfully at Bueno's trial. On October 21, 2011, the trial court sentenced Appellant to an aggregate term of not less than twenty nor more than forty years' incarceration.[2] On October 31, 2011, Appellant filed a timely post-sentence motion seeking reconsideration of his sentence, claiming that it was excessive in light of his

---

[2] Specifically, the trial court sentenced Appellant to a term of not less than twenty nor more than forty years' incarceration for third-degree murder, and a term of not less than five nor more than ten years' incarceration for conspiracy to commit robbery, to run concurrently. (**See** N.T. Sentencing Hearing, 10/21/11, at 27-28).

cooperation with police. The trial court denied the post-sentence motion on November 2, 2011.

On November 15, 2011, Appellant filed a timely direct appeal raising two issues challenging the discretionary aspects of his sentence.[3] Specifically, he alleged that his sentence was the result of trial court bias, and that his sentence was excessive considering his cooperation with police. (*See Velez*, *supra* at *4). On September 17, 2012, this Court affirmed Appellant's judgment of sentence, concluding that he waived the issue of trial court bias by failing to raise it at sentencing or in his post-sentence motion, and that the issue challenging his sentence as excessive in light of his cooperation with police failed to raise a substantial question. (*See id.* at *4). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On September 13, 2013, Appellant filed a timely *pro se* petition pursuant to the Post Conviction Relief Act (PCRA).[4] The PCRA court appointed counsel who filed an amended petition on October 16, 2013. In the petition, Appellant asserted that his plea was not knowing, intelligent, or voluntary. (*See* Amended PCRA Petition, 10/16/14, at unnumbered page

_____

[3] Although Appellant purported to present three issues, this Court determined that two of the claims (the first and the third) raised identical challenges alleging that the sentencing court was biased. (*See Velez*, *supra* at *2, *4).

[4] *See* 42 Pa.C.S.A. §§ 9541-9546.

1). Appellant also claimed that trial counsel was ineffective *inter alia* for failing to preserve the issue of trial court bias in imposing the sentence, resulting in waiver of that issue on direct appeal. (**See id.** at unnumbered page 2). Appellant requested that the court grant him the right to withdraw his guilty plea, or alternatively, grant him permission to file a post-sentence motion *nunc pro tunc* to raise the issue of trial court bias at sentencing. (**See id.**).

On January 29, 2014, the PCRA court held a hearing on the amended PCRA petition, at which it heard no argument or testimony regarding Appellant's PCRA claims. Instead, the Commonwealth agreed with Appellant's counsel to ask the court to allow Appellant to file a post-sentence motion to reconsider sentence *nunc pro tunc*, in exchange for Appellant's agreement to withdraw his remaining PCRA claims. (**See** N.T. PCRA Hearing, 1/29/14, at 2-3). The PCRA court agreed. On January 31, 2014, pursuant to the agreement of counsel, as expressly agreed to by Appellant, the PCRA court entered an order directing Appellant to file a post-sentence motion *nunc pro tunc* within ten days of January 29th, and confirming his withdrawal of all other PCRA issues. (**See** Order, 1/31/14).

On February 4, 2014, Appellant filed a timely post-sentence motion *nunc pro tunc*, which the trial court denied by order entered February 18, 2014. In a footnote to the February 18th order, the court concluded that Appellant's claim that it was biased or possessed ill will towards him at sentencing is "baseless." (Order, 2/18/14, at 1 n.1). On March 6, 2014,

Appellant filed his notice of appeal, purporting to appeal from the trial court's February 18, 2014 order denying his *nunc pro tunc* post-sentence motion.[5]  The trial court directed Appellant to file a concise statement of errors complained of on appeal and he timely complied on March 27, 2014.  **See** Pa.R.A.P. 1925(b).  The court filed a Rule 1925(a) opinion on March 31, 2014, in which it relied on and incorporated its February 18, 2014 order.  **See** Pa.R.A.P. 1925(a).[6]

_____

[5] Although Appellant purports to appeal from the court's order denying his post-sentence motion, "a direct appeal in a criminal case can only lie from the judgment of sentence."  **Commonwealth v. Lawrence**, 99 A.3d 116, 117 n.1 (Pa. Super. 2014) (citation omitted) (noting that appeal from order denying post-sentence motion is improper).

[6] We note that the PCRA court's January 31, 2014 order reinstating Appellant's right to file a post-sentence motion *nunc pro tunc* did not expressly grant him the right to file a direct appeal *nunc pro tunc* after the court disposed of his post-sentence motion.  However,

> the term *nunc pro tunc* means "now for then."  **See** Black's Law Dictionary, at 1069, (Sixth Edition 1990).  It is "a phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect, *i.e.*, with the same effect as if regularly done."  **Id.**  Thus, reinstatement of [post-sentence] rights *nunc pro tunc* denotes that the appellant now has the same . . . rights as he would have had in the beginning.

**Commonwealth v. Wright**, 846 A.2d 730, 735 (Pa. Super. 2004).

"[W]hen the trial court grants a request to file a post-sentence motion *nunc pro tunc,* the post-sentence motion filed as a result must be treated as though it were filed within the 10-day period following the imposition of sentence."  **Commonwealth v. Dreves**, 839 A.2d 1122, 1129 (Pa. Super. 2003) (*en banc*).  Therefore, in the instant case, if this were a proper direct appeal, Appellant had thirty days within which to file a direct appeal
*(Footnote Continued Next Page)*

Appellant raises the following issue for our review:

A. Did the trial court err in denying [Appellant's] motion to modify sentence for the following reasons:

1. The presentence investigation recommendation was for 18 to 40 years in a SCI which the Commonwealth was in agreement with.

2. It appeared that the court was willing to follow the recommendations of the presentence investigation and the Commonwealth until [Appellant] raised the issue of why an unindicted co-conspirator had not been charged, at which point the court appeared to become annoyed.

3. [Appellant] is alleging that the court imposed the statutory maximum because of bias or ill-will as a result of his statements regarding the unindicted co-conspirator.

(Appellant's Brief, at 4) (most capitalization omitted).

Before we may reach the merits of Appellant's issue, we must address whether this appeal is properly before us. Specifically, we must determine whether the PCRA court properly reinstated Appellant's right to file a post-sentence motion *nunc pro tunc*. **See Commonwealth v. Grosella**, 902 A.2d 1290, 1293 (Pa. Super. 2006) (addressing as preliminary matter whether appellant's purported *nunc pro tunc* direct appeal was properly before Court where he previously filed direct appeal in which we affirmed judgment of sentence).

*(Footnote Continued)* ⸻

following entry of the court's order denying his *nunc pro tunc* post-sentence motion. **See** Pa.R.Crim.P. 720(A)(2)(a).

"When reviewing an order [granting or] denying PCRA relief, we must determine whether the PCRA court's determination is supported by the record and is free from legal error." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa. Super. 2004) (citation omitted).

To be eligible for relief under the PCRA on grounds of ineffective assistance of counsel, a petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

It is well-settled that an accused who is deprived **entirely** of his right of direct appeal by counsel's failure to perfect an appeal is *per se* without the effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights. In those extreme circumstances, where counsel has effectively abandoned his or her client and cannot possibly be acting in the client's best interests, our Supreme Court has held that the risk should fall on counsel, and not his client.

However, it is also well-settled that the reinstatement of direct appeal rights is not the proper remedy when appellate counsel perfected a direct appeal but simply failed to raise certain claims. **Where a petitioner was not entirely denied his right to a direct appeal and only some of the issues the petitioner wished to pursue were waived, the reinstatement of the petitioner's direct appeal rights is not a proper remedy. In such circumstances, the appellant must proceed under the auspices of the PCRA, and the PCRA court should apply the traditional three-**

**prong test for determining whether appellate counsel was ineffective.**[7]

*Commonwealth v. Mikell*, 968 A.2d 779, 781-82 (Pa. Super. 2009), *appeal denied*, 985 A.2d 971 (Pa. 2009) (citations and internal quotation marks omitted) (first emphasis in original; second emphasis added) (concluding that appellant not entitled to reinstatement of direct appeal rights *nunc pro tunc* where this Court deemed his issues on direct appeal waived, but he was not entirely deprived of an appeal).

Here, at the hearing, the PCRA court agreed to reinstate Appellant's right to file a post-sentence motion *nunc pro tunc* and, in effect, his right to file a direct appeal, without hearing any evidence, in particular on Appellant's substantive PCRA claim that trial counsel was ineffective for failing to preserve his issue alleging trial court bias at sentencing. (*See* N.T. PCRA Hearing, 1/29/14, at 2-3). The PCRA court simply accepted the agreement reached by the parties without attempting to apply the three-pronged ineffective assistance of counsel test. (*See id.*); *see also Mikell*, *supra* at 782; *Grosella*, *supra* at 1294 n.7. Further, despite the court's grant of PCRA relief in its order reinstating Appellant's right to file a post-sentence motion, it stated its finding that the underlying issue Appellant

---

[7] "The three-prong [ineffective assistance of counsel] test requires an appellant to establish[:] 1) the underlying claim is of arguable merit; 2) counsel had no reasonable basis for the act or omission in question; and 3) but for counsel's act or omission, the outcome of the proceedings would have been different." *Grosella*, *supra* at 1294 n.7 (citation omitted).

wished to raise on direct appeal alleging trial court bias at sentencing was "baseless," indicating its belief that counsel was not ineffective for failing to preserve this claim for direct appeal. (Order, 2/18/14, at 1 n.1); **see also** **Commonwealth v. Taylor**, 933 A.2d 1035, 1042 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008) ("Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim") (citation omitted).

Under these circumstances, we conclude that the PCRA court erred in reinstating Appellant's right to file a post-sentence motion *nunc pro tunc*. As discussed above, "[w]here a petitioner was not **entirely** denied his right to a direct appeal and only some of the issues the petitioner wished to pursue were waived, the reinstatement of the petitioner's direct appeal rights is not a proper remedy." **Mikell**, **supra** at 781 (emphasis in original; citations omitted). "In such circumstances, the appellant must proceed under the auspices of the PCRA, and the PCRA court should apply the traditional three-prong test for determining whether appellate counsel was ineffective." **Id.** at 782 (citation omitted).

This is not a case where counsel abandoned Appellant, such that he was denied his right to file a post-sentence motion or direct appeal entirely. To the contrary, Appellant filed a timely post-sentence motion and a direct appeal, and this Court affirmed the judgment of sentence. Although counsel did not preserve all issues Appellant wished to raise on direct appeal, resulting in waiver of his claim asserting trial court bias, this is not a case

involving *per se* ineffectiveness. ***See id.*** at 781. Therefore, the PCRA court should have considered the merits of Appellant's ineffective assistance of counsel claim applying the traditional three-pronged test before granting or denying PCRA relief. ***See id.*** at 782; ***see also Grosella***, ***supra*** at 1294 (determining that PCRA court erred in reinstating appellant's direct appeal rights without applying three-pronged ineffectiveness test where counsel filed a direct appeal, but did not pursue all issues appellant wished to raise); ***see also*** 42 Pa.C.S.A. § 9543(a)(2)(ii) (petitioner must plead and prove ineffective assistance of counsel by preponderance of evidence to be eligible for relief).

Accordingly, we are constrained to vacate the PCRA court's January 31, 2014 order and remand this matter to the court for proceedings consistent with this memorandum. Upon remand, the court should consider all of the cognizable claims raised in Appellant's amended PCRA petition.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/24/2015

- 10 -