J-S03029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ENRIQUE MANUEL SANCHEZ A/K/A ENRIQUE MANUEL ORTIZ | |
| Appellant | No. 1819 EDA 2014 |

Appeal from the PCRA Order June 3, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000885-2012
CP-39-CR-0000886-2012
CP-39-CR-0000890-2012

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                **FILED APRIL 07, 2015**

Appellant, Enrique Manuel Sanchez a/k/a Enrique Manuel Ortiz, appeals from the order entered June 3, 2014, which denied his petition filed pursuant to the Post-Conviction Relief Act ("PCRA").[1]  No relief is due.

On February 11, 2013, Appellant entered a negotiated guilty plea to Third Degree Murder, Possession of Firearms Prohibited, Firearms Not to be Carried Without a License, Terroristic Threats (two counts), Recklessly Endangering Another Person, Possession of a Controlled Substance, and Simple Assault.  Thereafter, the trial court sentenced Appellant pursuant to

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

the agreement to an aggregate term of 40 to 80 years' imprisonment. Appellant did not file a direct appeal.

On October 24, 2013, Appellant filed a *pro se* PCRA petition. Counsel was appointed, and an amended PCRA petition was filed on March 14, 2014, alleging that trial counsel was ineffective for failing to file a direct appeal. Following a hearing, at which trial counsel testified that Appellant never requested a direct appeal, the trial court denied Appellant's petition. This timely appeal followed.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, ***Edmiston v. Pennsylvania***, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

Appellant alleges that trial counsel was ineffective for failing to file a direct appeal as he allegedly requested. We note that the unjustified failure to file a direct appeal is ineffective assistance of counsel *per se* and that a defendant need not demonstrate his innocence or show that he would have likely succeeded on appeal in order to meet the prejudice prong of the test for ineffectiveness. ***See Commonwealth v. Mikell***, 968 A.2d 779, 781 (Pa. Super. 2009). However, before we will find counsel ineffective for failing to pursue a direct appeal, Appellant bears the burden of proving that he requested an appeal and that counsel disregarded his request. ***See Commonwealth v. Bath***, 907 A.2d 619, 622 (Pa. Super. 2006). A mere allegation will not suffice to prove that counsel ignored a defendant's request to file an appeal. ***See Commonwealth v. Spencer***, 892 A.2d 840, 842 (Pa. Super. 2006).

Appellant contends that he instructed trial counsel to file an appeal at the conclusion of the sentencing hearing, and that his mother also called counsel to request an appeal on his behalf. ***See*** Appellant's Brief at 6. These allegations, however, were contradicted by trial counsel's testimony during the PCRA evidentiary hearing, which the PCRA court explicitly credited. ***See*** N.T., PCRA Hearing, 05/12/14 at 20; PCRA Court Opinion, 7/23/14 at 5-6. Trial counsel testified that when he explained to Appellant his limited appeal rights following the entry of his guilty plea, Appellant never requested an appeal. ***See id***., at 20. Trial counsel further asserted that he never received any letter or other communication from Appellant's

family indicating a desire to pursue an appeal. *See id*. at 21. Counsel explained that had Appellant requested he file a direct appeal, counsel would have instructed Appellant to hire someone else because he does not normally handle appellate work. *See id*. at 23. However, trial counsel was adamant that he never had that conversation with Appellant because Appellant never requested counsel file a direct appeal. *See id*.

Based on counsel's testimony, as credited by the PCRA court, we are constrained to find that Appellant has failed to adequately support his claim that counsel ignored his request to file an appeal. *See Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010) (a PCRA court's credibility determinations are binding on this Court where, as here, there is record support for those determinations). Accordingly, as Appellant has failed to meet his burden of proof, his claim that trial counsel was ineffective for failing to file a direct appeal is without merit.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2015

- 4 -