J-S21040-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                           :         PENNSYLVANIA
          Appellee        :
                           :
      v.                  :
                           :
JUSTIN JUAN JOHNSON,        :
                           :
         Appellant       :    No. 1605 WDA 2016

Appeal from the PCRA Order September 26, 2016
in the Court of Common Pleas of Lawrence County
Criminal Division at No(s): CP-37-CR-0001512-2011

BEFORE:  LAZARUS, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED JUNE 16, 2017**

Justin Juan Johnson (Appellant) appeals from the order entered on September 26, 2016, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We provide the following relevant background based upon the testimony from Appellant's three-day jury trial.  On the evening of August 10, 2011, the victim in this matter, Regan Pierre, along with his girlfriend, Jill Murphy, drove from Pittsburgh to New Castle in Murphy's black Saturn. Pierre dropped off Murphy at her home then went to the Westside Mini Mart. He encountered Appellant[1] and Marquise Wise[2] at the store.  According to Pierre, prior to this encounter, he and Wise "got into a little fight or

---

[1] Appellant is also known as Mr. Muddles.

[2] Wise is also known as Boo Boo.

* Retired Senior Judge assigned to the Superior Court.

whatever" over a girlfriend and the two did not like "each other after that." N.T., 9/11/2012, at 46. Pierre testified that Appellant and Wise had arrived at the Westside Mini Mart in a "burgundy [Oldsmobile] Alero" with an Ohio license plate. *Id*. at 47.

Pierre left the Westside Mini Mart in the Saturn, and Appellant and Wise began to follow him. *Id*. Subsequently, the Oldsmobile passed Pierre when Pierre turned. Eventually Pierre encountered the Oldsmobile stopped near the corner of Lincoln and Shenango Streets in the middle of the road halfway up a hill with both doors open. When Pierre looked to the left, he saw Appellant. Appellant then "stepped forward from the bushes and … opened fire on [Pierre]." *Id*. at 52.

After Pierre was shot, he called Murphy and "and told her that Muddles shot [him]." *Id*. at 70. Pierre then drove to Murphy's house, and Murphy drove Pierre to the hospital. Sergeant David Cumo of the New Castle Police Department arrived at the hospital looking for a gunshot victim based upon reports of hearing gunshots. He saw a black Saturn with bullet holes and a broken window in the parking lot. Sergeant Cumo then went into the hospital in an attempt to find the victim. After identifying Pierre as the victim and as connected to the Saturn, Pierre told Sergeant Cumo that "he was shot by Muddles." N.T., 9/12/2012, at 53.

Appellant was arrested and charged with numerous crimes as a result of this incident. Following a jury trial, Appellant was convicted of attempted

criminal homicide, aggravated assault, and aggravated assault with a deadly weapon. Appellant was sentenced to an aggregate term of twenty to forty years of incarceration.

On July 17, 2013, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Johnson*, 82 A.3d 1069 (Pa. Super. 2013) (unpublished memorandum). No petition for allowance of appeal to our Supreme Court was filed.

Appellant filed timely a PCRA petition seeking, *inter alia*, the reinstatement of his direct appeal rights. Following a hearing, the PCRA court entered an order reinstating Appellant's direct appeal rights in the form of allowing him to file a petition for allowance of appeal *nunc pro tunc* to the Supreme Court of Pennsylvania and dismissing "[a]ll other requests for relief" stated in the original and amended PCRA petitions. Order, 5/11/2015, at 2.

Appellant filed a notice of appeal to this Court. By memorandum filed December 22, 2015, this Court affirmed "that portion of the PCRA court's order that granted Appellant leave to file *nunc pro tunc* a petition for allowance of appeal to our Supreme Court, and vacate[d] that portion of the order that disposed of Appellant's remaining PCRA claims." *Commonwealth v. Johnson*, 133 A.3d 665 (Pa. Super. 2015) (unpublished memorandum at 4). Appellant then filed his *nunc pro tunc* petition for allowance of appeal to

our Supreme Court, which was denied on May 11, 2016. ***Commonwealth v. Johnson***, 138 A.3d 3 (Pa. 2016).

On June 1, 2016, Appellant timely filed the instant PCRA petition raising claims of, *inter alia*, ineffective assistance of counsel. Relevant at this juncture, Appellant asserted that trial counsel was ineffective by failing 1) to object to Murphy's testimony, and 2) to object properly to Sergeant Cumo's testimony, and 3) to raise all meritorious issues in Appellant's direct appeal. A hearing was held on September 2, 2016.[3] On September 26, 2016, the PCRA court filed an opinion and order denying Appellant PCRA relief. Appellant filed timely a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth two issues for our review.

> I. Whether the PCRA court committed an error of law by not finding ineffective assistance of counsel for trial counsel's failure to object to, properly object to and/or otherwise preserve the issue of cumulative use of a prior consistent statement of [victim], used as substantive evidence and not for rehabilitative purposes; and by not granting [Appellant] a new trial as a result.
>
> II. Whether the PCRA court committed an error of law by not finding ineffective assistance of appellate counsel for appellate counsel's failure to consult with [Appellant] prior to filing the appeal, by deviating substantially from [Appellant's] concise statement of errors and raising only one issue on appeal, for improperly raising and/or waiving viable issues in said appeal as enumerated herein, and by not restoring [Appellant's] direct appeal rights, *nunc pro tunc* as a result.

---

[3] That hearing incorporated the notes of testimony from Appellant's first PCRA hearing on May 1, 2015.

- 4 -

J-S21040-17

Appellant's Brief at 4.[4]

In reviewing an appeal from the denial of PCRA relief, "[w]e must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Mikell*, 968 A.2d 779, 780 (Pa. Super. 2009) (quoting *Commonwealth v. Lawrence*, 960 A.2d 473, 476 (Pa. Super. 2008) (citations omitted)). Since Appellant's claims concern the ineffective assistance of counsel, the following principles apply.

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (internal citations omitted).

Appellant's first issue concerns the ineffectiveness of trial counsel's representation at trial. *See* Appellant's Brief at 12-22. Appellant argues that trial counsel should have objected to Murphy's testimony where she

---

[4] We point out with disapproval that not only has the Commonwealth failed to file a brief in this appeal, but the Commonwealth also neglected to file a brief in the last appeal to this Court.

- 5 -

testified that Pierre told her that Appellant shot Pierre. Appellant's Brief at 13 (citing N.T., 9/11/2012 vol. 2, at 30). Appellant suggests this was inadmissible hearsay.

Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c). There can be no doubt that Murphy's testimony was hearsay. However, hearsay is admissible if it satisfies an exception. One such exception is an excited utterance. An excited utterance is defined as "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Pa.R.E. 803(2).

Here, Pierre testified that shortly after he was shot, he called Murphy and told her that "Muddles shot" him. N.T., 9/11/2012, at 70. Thus, Murphy's testimony confirming this sequence of events was admissible pursuant to Pa.R.E. 803(3). **See Commonwealth v. Manley**, 985 A.2d 256 (Pa. Super. 2009) (holding victim's statements to police which were made within ten minutes after being shot and while victim was in a panicked state satisfied the requirements of an excited utterance exception to the hearsay rule).

Accordingly, the underlying claim fails the arguable merit prong of the ineffective-assistance-of-counsel test, and Appellant is not entitled to relief on this basis. **See Commonwealth v. Hutchinson**, 25 A.3d 277 (Pa. 2011)

(holding that an appellant fails to satisfy the arguable merit prong of the ineffective-assistance-of-counsel test where the objection would have been overruled).[5]

We now turn to Appellant's issues with Sergeant Cumo's testimony about what Pierre told Sergeant Cumo at the hospital. Appellant's Brief at 13-14. Sergeant Cumo offered the following narrative during his testimony at trial.

> [Pierre] said that he was at the Westside Mini Mart and he saw Muddles, in a maroon or burgundy, I believe he said an Aurora and he said nothing. No words were exchanged or anything. When he left the store, he was traveling towards Grant Street before you come to Falls Street by pass area. He said they came to a four-way stop sign. At that point, [Appellant], the vehicle he was driving, got behind him and began to follow him onto Grant Street. He said as he drove down Grant Street, he made a left-hand turn onto Locust Street and when he was turning the car, he said it appeared that [Appellant] accelerated his vehicle, went around him on Grant Street, continuing eastbound on Grant Street. He turned left onto Locust and proceeded up the hill there. He said he got up the hill, drove through the West Lincoln projects and when he got to the intersection of West Lincoln and Shenango Street, he viewed [Appellant's] vehicle parked in the roadway, the driver's door opened and at [*sic*] moments later he saw [Appellant], Muddles, come out from the bushes, shrub area and began shooting the gun at him.

N.T., 9/12/2012, at 53-54.

At trial, counsel for Appellant objected to this testimony as being inadmissible hearsay, and the trial court overruled the objection. ***Id***. at 54-55. In its opinion, the trial court opined that it did not err in admitting

---

[5] Moreover, even if the statements were admitted improperly, Pierre was available to testify about the statements he made to Murphy.

Sergeant Cumo's testimony because it was admissible as a prior consistent statement pursuant to Pa.R.E. 613(c).[6] On direct appeal, this Court agreed with the trial court and concluded that the trial court did not err in admitting "Sergeant Cumo's testimony regarding Pierre's prior consistent statements." *Commonwealth v. Johnson*, 133 A.3d 665 (Pa. Super. 2015) (unpublished memorandum at 4). "The trial court recognized that [Appellant] had challenged Pierre's credibility and memory on cross-examination, and that Sergeant Cumo's testimony was admissible, as it constituted a prior consistent statement concerning the identity of the individual responsible for shooting the firearm." *Id*.

At this juncture, to the extent Appellant is arguing that counsel was ineffective for failing to argue that this testimony was inadmissible pursuant

---

[6] That rule provides the following.

> **(c) Witness's Prior Consistent Statement to Rehabilitate.** Evidence of a witness's prior consistent statement is admissible to rehabilitate the witness's credibility if the opposing party is given an opportunity to cross-examine the witness about the statement and the statement is offered to rebut an express or implied charge of:
>
>> (1) fabrication, bias, improper influence or motive, or faulty memory and the statement was made before that which has been charged existed or arose; or
>>
>> (2) having made a prior inconsistent statement, which the witness has denied or explained, and the consistent statement supports the witness's denial or explanation.

Pa.R.E. 613.

to Pa.R.E. 613 because it was being introduced as substantive evidence, Appellant is not entitled to relief. Appellant's Brief at 17. This Court decided on direct appeal that this evidence was admissible under this exception. Thus, there is no arguable merit to Appellant's contention that counsel was ineffective for failing to object on this basis.

Appellant also argues that trial counsel was ineffective for failing to object at trial on the basis that this testimony violated Pa.R.E. 403, which provides that "[t]he court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Specifically, Appellant suggests that this testimony was "cumulative." Appellant's Brief at 18.

"Evidence that bolsters, or strengthens, existing evidence is not cumulative evidence, but rather is corroborative evidence." *Commonwealth v. G.D.M., Sr.*, 926 A.2d 984, 989 (Pa. Super. 2007). Here, Officer Cumo's testimony corroborated Pierre's testimony; therefore, any objection would have been overruled, and Appellant is not entitled to relief. *See Hutchinson*, 25 A.3d at 277.

For his final allegation of error, Appellant argues that trial counsel was ineffective in the way he handled Appellant's direct appeal. Specifically, Appellant argues that trial counsel was ineffective because he failed to consult with Appellant about what issues he intended to raise on appeal.

Appellant also argues that trial counsel should have raised additional meritorious issues, and his failure to do so was prejudicial. ***See*** Appellant's Brief at 22-35. Additionally, Appellant contends that his deprivation of a full direct appeal entitles him to relief for "presumed or *per se* prejudice." ***Id***. at 32.

> It is well-settled that an accused who is deprived entirely of his right of direct appeal by counsel's failure to perfect an appeal is *per se* without the effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights.
>
> ***
>
> However, it is also well-settled that the reinstatement of direct appeal rights is not the proper remedy when appellate counsel perfected a direct appeal but simply failed to raise certain claims. Where a petitioner was not entirely denied his right to a direct appeal and only some of the issues the petitioner wished to pursue were waived, the reinstatement of the petitioner's direct appeal rights is not a proper remedy. In such circumstances, the appellant must proceed under the auspices of the PCRA, and the PCRA court should apply the traditional three-prong test for determining whether appellate counsel was ineffective.

***Commonwealth v. Grosella***, 902 A.2d 1290, 1293-94 (Pa. Super. 2006) (internal citations and quotation marks omitted).

Here, Appellant was not deprived entirely of his right to a direct appeal. "It is well settled that appellate counsel is entitled, as a matter of strategy, to forego even meritorious issues in favor of issues he believes pose a greater likelihood of success." ***Commonwealth v. Jette***, 23 A.3d 1032, 1043 (Pa. 2011). "To establish [] prejudice in the appellate representation context, the petitioner must show that there is a reasonable

probability that the outcome of the direct appeal proceeding would have been different but for counsel's deficient performance." ***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014).

Appellant argues that trial counsel was ineffective for failing to raise two issues in Appellant's direct appeal. With respect to the first, we provide the following background.

Officer John George of the New Castle Police Department found the Oldsmobile Aurora driven by Appellant and Wise. He towed it to the police station and obtained consent to search the vehicle from Tashayla Reese, its owner. Officer George testified that he "found in the vehicle four plastic baggies and a digital scale." N.T., 9/12/2012, at 21. Counsel objected to this testimony, arguing at a side bar that this testimony was prejudicial as these items are clearly drug-related. Thus, counsel asked for a mistrial. The trial court denied the motion for mistrial and, over trial counsel's objection, offered a cautionary instruction. ***See*** N.T., 9/12/2012, at 71-74. Specifically, the trial court told the jury the following.

> Officer George was on the stand. While he was on the stand, he offered some testimony regarding items confiscated from the vehicle that he had searched…. You're directed that that is irrelevant to this case. That anything confiscated is not a part of this case. You are not to consider that part of his testimony in any manner in regard to this case. I trust you will follow that instruction.

***Id***. at 74.

- 11 -

Appellant now argues that trial counsel was ineffective for failing to challenge on appeal the trial court's denial of his motion for a mistrial. Appellant's Brief at 32.

> The standard of review for determining whether the trial court erred in denying a motion for a mistrial is as follows:
>
> The trial court is in the best position to assess the effect of an allegedly prejudicial statement on the jury, and as such, the grant or denial of a mistrial will not be overturned absent an abuse of discretion. A mistrial may be granted only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. Likewise, a mistrial is not necessary where cautionary instructions are adequate to overcome any possible prejudice.
>
> A mistrial is warranted when a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity. When the statement at issue relates to a reference to past criminal behavior, [t]he nature of the reference and whether the remark was intentionally elicited by the Commonwealth are considerations relevant to the determination of whether a mistrial is required. A singular, passing reference to prior criminal activity is usually not sufficient to show that the trial court abused its discretion in denying the defendant's motion for a mistrial. When the trial court provides cautionary instructions to the jury in the event the defense raises a motion for mistrial, [t]he law presumes that the jury will follow the instructions of the court.

*Commonwealth v. Parker*, 957 A.2d 311, 319 (Pa. Super. 2008) (internal citations and quotation marks omitted).

Here, Officer George's reference to plastic baggies and a digital scale was clearly unnecessary and prejudicial. However, Appellant was neither on trial for drug-related charges nor the owner of the car. In addition, the primary issue in this case was not whether Pierre was shot, but whether it

was Appellant or Wise who shot Pierre. The drug testimony applied equally to Appellant and Wise. *See* N.T., 9/11/2012, at 38. Moreover, the trial court offered a clear cautionary instruction,[7] and "[t]he law presumes that the jury will follow the instructions of the court." ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1184 (Pa. 2011). Therefore, we conclude Appellant would not have prevailed had trial counsel raised this issue on direct appeal, and Appellant is not entitled to relief at this juncture.

In his next claim, Appellant argues that trial counsel was ineffective by failing to raise an issue related to Officer Cumo's testimony. Appellant's Brief at 32. When asked about his training and experience, the Commonwealth asked if Officer Cumo had been trained in "polygraph." N.T., 9/12/2012, at 48. Counsel objected and it was overruled. Appellant now argues that trial counsel should have challenged on direct appeal the trial court's decision to overrule that objection.

---

[7] The trial court stated the following.

> Before counsel proceeds, let me just briefly give you one of those things that I said could happen. It's a cautionary instruction. Officer George was on the stand. While he was on the stand, he offered some testimony regarding items confiscated from that vehicle that he had searched…. You've directed that that is irrelevant to this case. That anything confiscated is not part of this case. You are not to consider that part of his testimony in any manner in any regard to this case. I trust you will follow that instruction.

N.T., 9/12/2012, at 74.

It is well settled that "any reference to a [polygraph test] which raises an inference concerning the guilt or innocence of a defendant is inadmissible." ***Commonwealth v. Hetzel***, 822 A.2d 747, 767 (Pa. Super. 2003) (emphasis omitted). Here, Officer Cumo was asked about training, and at no point in his testimony was there any reference made to any polygraph test given or taken by anyone involved in this case. Moreover, the testimony was not elicited with any reference to Appellant's guilt or innocence. Thus, even if trial counsel raised this issue on appeal, he would not have prevailed. Accordingly, we hold counsel was not ineffective for failing to do so.

Having concluded that Appellant has presented this Court with no issue worthy of relief, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2017

- 14 -