J-S42041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : : | |
| v. | : : : | |
| JAIME MONTE ACOSTA, | : : | |
| Appellant | : | No. 326 MDA 2018 |

Appeal from the PCRA Order February 6, 2018
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004038-2014

BEFORE:   BOWES, MCLAUGHLIN, and STRASSBURGER[*], JJ

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 07, 2018**

Jaime Monte Acosta (Appellant) appeals from the order entered February 6, 2018, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In June of 2014, Appellant was charged with 39 counts related to drug possession, drug trafficking, conspiracy, and illegal firearms possession.[1]  On December 15, 2015, Appellant entered an open guilty plea to seven counts. The trial court accepted the plea and sentenced Appellant to an aggregate term of 15 to 35 years of incarceration.  Appellant timely filed a post-sentence motion, which was denied by the trial court on December 22, 2015.

_____

[1] "There were almost 30 co-defendants in this drug-trafficking ring." PCRA Court Opinion, 2/6/2018, at 3 n.8.

[*] Retired Senior Judge assigned to the Superior Court.

Subsequently, new counsel entered his appearance on Appellant's behalf, and that attorney filed a supplemental post-sentence motion. That motion was denied as being filed untimely on January 29, 2016. On February 25, 2016, Appellant *pro se* filed a notice of appeal. This Court remanded the case to the trial court to determine the status of Appellant's counsel. The trial court ordered that Attorney Glennis Clark represent Appellant for the direct appeal. On November 4, 2016, Appellant *pro se* sent a letter to this Court requesting that Attorney Clark withdraw from the direct appeal. This Court referred that motion to the trial court.

Meanwhile, on December 11, 2016, Appellant *pro se* filed a PCRA petition claiming trial counsel was ineffective for permitting him to enter an unknowing and involuntary guilty plea. The trial court sought to appoint counsel and undertook efforts to find an attorney who did not have a conflict.[2] New counsel was eventually appointed, and on March 29, 2017, counsel filed a praecipe to discontinue the direct appeal. Thus, Appellant's direct appeal was discontinued by this Court on that day.

On June 2, 2017, counsel filed an amended PCRA petition on Appellant's behalf. An evidentiary hearing was held on October 10, 2017, and on February 6, 2018, the PCRA court denied relief to Appellant. Appellant timely filed a

---

[2] Because there were so many individuals involved in this drug-trafficking ring, many local attorneys were conflicted out of this case due to having represented a co-defendant. ***See*** PCRA Court Opinion, 2/6/2018, at 3 n.8.

notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant claims the PCRA court erred in concluding that counsel was not ineffective in his representing Appellant in connection with his guilty plea. **See** Appellant's Brief at 14-24. We review this issue mindful of the following.

In reviewing an appeal from the denial of PCRA relief, "[w]e must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Mikell**, 968 A.2d 779, 780 (Pa. Super. 2009) (quoting **Commonwealth v. Lawrence**, 960 A.2d 473, 476 (Pa. Super. 2008) (citations omitted)).

We observe the following with respect to ineffective-assistance-of-counsel claims.

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

J-S42041-18

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (internal citations omitted). Because Appellant entered into a guilty plea, we keep in mind the following.

> The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea.
>
> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.
>
> Our Supreme Court also has held as follows:
>
>> Central to the question of whether [a] defendant's plea was entered voluntarily and knowingly is the fact that the defendant know and understand the nature of the offenses charged in as plain a fashion as possible…. [A] guilty plea is not a ceremony of innocence, it is an occasion where one offers a confession of guilt. Thus, … a trial judge [and, by extension, plea counsel] is not required to go to unnecessary lengths to discuss every nuance of the law regarding a defendant's waiver of his right to a jury trial in order to render a guilty plea voluntary and knowing.

***Commonwealth v. Barndt***, 74 A.3d 185, 192-93 (Pa. Super. 2013) (citations and quotation marks omitted).

- 4 -

Following a review of the certified record and the briefs for the parties, we conclude that the opinion of the Honorable Scott D. Keller thoroughly addresses Appellant's issues and arguments and applies the correct law to facts that are supported by the record. We discern no error or abuse of discretion. Therefore, we adopt the PCRA court's opinion of February 6, 2018 as our own and affirm the order of the PCRA court based upon the reasons stated therein.[3] **See** PCRA Court Opinion, 2/6/2018, at 5-13 (explaining, *inter alia*, that Appellant was not credible in his testimony that trial counsel promised a three-to-six-year sentence in exchange for Appellant's pleading guilty).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/07/2018

---

[3] The parties shall attach a copy of the PCRA court's February 6, 2016 opinion to this memorandum in the event of further proceedings.