J-S42037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| VICTOR ANTHONY MEDINA, SR., | : : | |
| Appellant | : | No. 42 MDA 2018 |

Appeal from the PCRA Order December 22, 2017
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001162-2016
CP-22-CR-0001308-2016
CP-22-CR-0007009-2015

BEFORE:   BOWES, MCLAUGHLIN, and STRASSBURGER[*], JJ

MEMORANDUM BY STRASSBURGER, J.:          **FILED AUGUST 31, 2018**

Victor Anthony Medina, Sr., (Appellant) *pro se* appeals from the order entered December 22, 2017, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We provide the following background.  On September 8, 2016, Appellant entered into a negotiated guilty plea at three separate docket numbers to one count each of person not to possess a firearm, theft by unlawful taking, possession of marijuana, possession of a small amount of marijuana, and possession of drug paraphernalia.   The agreed-upon sentence was an aggregate term of incarceration of three-and-a-half to seven years, which was

_____

[*] Retired Senior Judge assigned to the Superior Court.

imposed by the trial court. *See* N.T., 9/8/2016, at 2-9. Appellant did not file a post-sentence motion or direct appeal.

On May 31, 2017, Appellant *pro se* timely filed a PCRA petition. In that petition, Appellant set forth numerous allegations of ineffective assistance of counsel. Specifically, Appellant claimed that trial counsel was ineffective for failing to file a motion to suppress evidence and properly investigate the case. Appellant also claimed that trial counsel either misadvised or failed to advise Appellant regarding his guilty plea and sentence. Additionally, according to Appellant, trial counsel failed to investigate Appellant's prior record score (PRS), which purportedly led him to agree to plead guilty to an excessive sentence. *See* PCRA Petition, 5/31/2017, at 7.

The PCRA court appointed Attorney Jennifer E. Tobias to represent Appellant. On June 29, 2017, she filed a petition to withdraw as counsel, after concluding that the allegations of ineffective assistance of counsel set forth by Appellant in his petition lacked merit.[1] On August 29, 2017, Appellant *pro se* filed objections to Attorney Tobias's petition to withdraw. On November 21, 2017, the PCRA court entered an order granting counsel's petition to withdraw after agreeing with counsel that Appellant's issues lacked merit. The PCRA court provided notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss

_____

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (setting forth the procedures and requirements for withdrawing as counsel at the post-conviction stage).

Appellant's petition within 20 days. Appellant *pro se* filed a response. On December 22, 2017, the PCRA court entered an order dismissing Appellant's petition. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth a number of issues for review.[2] **See** Appellant's Brief at 4-5. In considering these issues, we bear in mind the following. In reviewing an appeal from the denial of PCRA relief, "[w]e must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Mikell**, 968 A.2d 779, 780 (Pa. Super. 2009) (quoting **Commonwealth v. Lawrence**, 960 A.2d 473, 476 (Pa. Super. 2008) (citations omitted)).

---

[2] Appellant's statement of questions involved, **see** Appellant's Brief at 4-5, does not correspond with the issues set forth in his argument, **see id**. at 14-26. "The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail." Pa.R.A.P. 2116(a). Further, "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Our review of Appellant's brief reveals substantial noncompliance with the aforementioned rules. "Nonetheless, in the interest of justice we address the arguments that can reasonably be discerned from this defective brief." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003).

To the extent Appellant is claiming trial counsel was ineffective, we observe that

> [i]t is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (internal citations omitted). Because Appellant entered into a negotiated guilty plea, we keep in mind the following.

> The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea.
>
> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.
>
> Our Supreme Court also has held as follows:

> Central to the question of whether [a] defendant's plea was entered voluntarily and knowingly is the fact that the defendant know and understand the nature of the offenses charged in as plain a fashion as possible…. [A] guilty plea is not a ceremony of innocence, it is an occasion where one offers a confession of guilt. Thus, … a trial judge [and, by extension, plea counsel] is not required to go to unnecessary lengths to discuss every nuance of the law regarding a defendant's waiver of his right to a jury trial in order to render a guilty plea voluntary and knowing.

*Commonwealth v. Barndt*, 74 A.3d 185, 192-93 (Pa. Super. 2013) (citations and quotation marks omitted).

We start with Appellant's arguments regarding the sentence imposed as part of his negotiated guilty plea. *See* Appellant's Brief at 14-19. Appellant begins by arguing that the trial court calculated improperly his PRS. *Id*. at 15. Appellant also claims that the Commonwealth charged him with the wrong grading for the offense of person not to possess a firearm. *Id*. In addition, Appellant suggests the trial court erred by not obtaining a pre-sentence investigation (PSI) report.[3] *Id*. at 16. According to Appellant, these errors led him to be sentenced to a higher sentence than he should have been. *Id*. at 19.

Appellant's argument completely fails to take into account that he pled guilty as part of a plea agreement that contained a negotiated sentence.

___

[3] At sentencing, Appellant agreed to waive his right to a PSI. *See* N.T., 9/8/2016, at 8.

Specifically, Appellant pled guilty to five separate charges in three cases, where the most serious charge carried a maximum penalty of five to 10 years of incarceration. *See* Guilty Plea Colloquy, 9/8/2016, at 1. The Commonwealth offered Appellant an aggregate sentence of three-and-a-half to seven years of incarceration on all five charges. Appellant accepted the plea deal, and the trial court imposed the agreed-upon sentence. *See* N.T., 9/8/2016, at 7-9.

With respect to Appellant's specific arguments, to the extent he is claiming the trial court erred, such issues should have been raised in a direct appeal. *See Commonwealth v. Spotz*, 18 A.3d 244, 270 (Pa. 2011) (pointing out that claims of trial court error are "both waived and not cognizable under the PCRA because [they] could have been raised on direct appeal"). Additionally, issues with a PRS or failing to obtain a PSI challenge the discretionary aspects of a sentence. *See Commonwealth v. Johnson*, 179 A.3d 1153 (Pa. Super. 2018). Where "[t]he trial court imposed the sentence Appellant negotiated with the Commonwealth[,] Appellant may not … seek discretionary review of that negotiated sentence." *Commonwealth v. Reid*, 117 A.3d 777, 784 (Pa. Super. 2015). *See also Commonwealth v. O'Malley*, 957 A.2d 1265, 1267 (Pa. Super. 2008) ("One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence."). Thus, trial counsel could not have been ineffective for failing to assert these meritless challenges to Appellant's sentence. *See*

*Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006) (stating "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim"). Based on the foregoing, Appellant has not convinced this Court that he is entitled to relief on these claims with regard to the sentence he received.

Appellant next contends that "his plea was not knowing and voluntary." Appellant's Brief at 19. Appellant also argues that trial counsel was ineffective for waiving Appellant's right to a preliminary hearing, for failing request discovery, for failing to file a motion to suppress, and for inducing him to plead guilty "to a gun charge that includes the element of being a loaded firearm when" the firearm was not loaded. *Id*. at 20-23. Finally, Appellant claims that Attorney Tobias was ineffective in her representation of him in the PCRA court. *Id*. at 24-26. Our review of the record reveals that Appellant did not raise these issues in his Pa.R.A.P. 1925(b) statement. *See* Concise Statement, 1/23/2018, at 1-2. Issues not raised in a Pa.R.A.P. 1925(b) statement are waived on appeal. *Commonwealth v. Castillo*, 888 A.2d 875 880 n.4 (Pa. 2009). Thus, we conclude these issues are waived.

Because Appellant has presented no issue on appeal which entitles him to relief, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/31/2018