J-S67032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RUBEN RIVERA | : | |
| | : | |
| Appellant | : | No. 856 EDA 2018 |

Appeal from the PCRA Order March 2, 2018
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000423-2011

BEFORE:  OTT, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 17, 2019**

Ruben Rivera (Appellant) appeals *pro se* from the March 2, 2018 order, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On August 27, 2012, Appellant pleaded guilty to murder in the third degree.  The trial court accepted Appellant's guilty plea and imposed a term of 20 to 40 years of incarceration.  Appellant filed a post-sentence motion, which the trial court denied on November 13, 2012.  Appellant did not file a direct appeal.

On April 3, 2017, Appellant *pro se* filed a PCRA petition.  In that petition, Appellant claimed that he was arrested without a warrant, he pleaded guilty involuntarily, and trial counsel was ineffective.  ***See*** PCRA Petition, 4/3/2017,

_____

* Retired Senior Judge assigned to the Superior Court.

at 2, 4-9 (pagination altered from original). The PCRA court appointed Attorney Sean Poll to represent Appellant. On October 25, 2017, Attorney Poll filed a motion to withdraw as counsel, after concluding that the allegations of ineffective assistance of counsel set forth by Appellant in his petition lacked merit because Appellant did not timely file the petition and none of the timeliness exceptions applied.[1] After a hearing, on November 21, 2017, the PCRA court permitted Attorney Poll to withdraw as counsel.

On January 2, 2018, the PCRA court provided notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss Appellant's petition within 20 days because it was untimely filed and Appellant had not pleaded or proved any exception to the statutory time-bar. On January 11, 2018, Appellant *pro se* filed a response, reiterating the claims contained in his PCRA petition and attempting to invoke a timeliness exception. On March 2, 2018, the PCRA court entered an order dismissing Appellant's petition. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant reiterates the same issues, but now attempts to invoke a timeliness exception by claiming "after/newly discovered evidence centers squarely upon his claim of ineffective assistance of counsel whose

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (setting forth the procedures and requirements for withdrawing as counsel at the post-conviction stage).

failure to conduct the most basic of investigation into whether a warrant ever existed" for his arrest.[2]  Appellant's Brief at 4.

In reviewing an appeal from the denial of PCRA relief, "[w]e must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Mikell***, 968 A.2d 779, 780 (Pa. Super. 2009) (quoting ***Commonwealth v. Lawrence***, 960 A.2d 473, 476 (Pa. Super. 2008) (citations omitted)).  However, before we may consider the merits, we must first determine whether Appellant timely filed his PCRA petition, as neither this Court nor the PCRA court has jurisdiction to address

---

[2] "As a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant.  Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of [] Court." ***Commonwealth v. Freeland***, 106 A.3d 768, 776 (Pa. Super. 2014) (internal citations omitted).  Our rules provide that "[b]riefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be … dismissed."  Pa.R.A.P. 2101.  Here, the defects in Appellant's brief are substantial and in violation of the rules.  Significantly, Appellant's brief does not contain either a statement of questions involved which states "concisely the issues to be resolved" or an argument section "divided into as many parts as there are questions to be argued."  Pa.R.A.P. 2116, 2119.  While we could conclude that this deficiency requires the dismissal of this appeal, we decline to do so because we are without jurisdiction to entertain the PCRA petition, as discussed *infra*.

the merits of an untimely-filed petition. **Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa. Super. 2011).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). "For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Appellant's PCRA petition is patently untimely filed, as his judgment of sentence became final in December 2012. Recognizing this, Appellant attempts on appeal to circumvent the statutory-time bar by baldly asserting the newly-discovered facts exception pursuant to 42 Pa.C.S. § 9545(b)(1)(ii), which provides that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." **See** Appellant's Brief at 5, 7. Appellant's purported newly-discovered fact is that on either October 20, 2016 or January 31, 2017, he learned that there was no warrant issued for his arrest. **Id.** at 7.

Initially, we observe that "[a]ny claim not raised in the PCRA petition is waived and not cognizable on appeal." **Commonwealth v. Washington**, 927 A.2d 586, 601 (Pa. 2007); **see also** Pa.R.A.P. 302(a) (stating "issues not

raised in the lower court are waived and cannot be raised for the first time on appeal"). Appellant did not raise a timeliness exception in his *pro se* PCRA petition. **Compare** Appellant's Brief at 5, 7 **with** *Pro Se* PCRA Petition, 4/3/2017. Thus, we cannot consider such claim on appeal. **See Commonwealth v. Lauro**, 819 A.2d 100, 103 (Pa. Super. 2003) ("[I]ssues not raised in a PCRA petition cannot be considered on appeal.").

Moreover, the fact that Appellant asserted a newly-discovered fact exception in his *pro se* response to the PCRA court's notice of intent to dismiss does not preserve it. **See** Appellant's Response to Notice of Intent to Dismiss, 1/11/2018, at ¶2. As this Court has explained:

> The purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, **see Commonwealth v. Williams**, [] 782 A.2d 517, 526 ([Pa.] 2001), the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to "discern the potential for amendment." **Id.** at 527. The response is not itself a petition and the law still requires leave of court to submit an amended petition. **See** Pa.R.Crim.P. 905(A). Hence, we conclude that a response to a notice of intent to dismiss is not a second or subsequent petition.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1189 (Pa. Super. 2012) (footnote omitted). Appellant did not seek leave of court to file an amended petition, nor did he file an amended petition to include a timeliness exception. Accordingly, any such assertion is waived on appeal.

Nonetheless, even if Appellant had not waived the statutory time-bar claim, he still has failed to assert facts which satisfy the exception.

Our Supreme Court has previously described a petitioner's burden under the newly-discovered fact exception as follows.

[S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown*" and 2) "could not have been ascertained by the exercise of *due diligence*." 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

***Commonwealth v. Bennett***, [] 930 A.2d 1264, 1272 ([Pa.] 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

***Commonwealth v. Medina***, 92 A.3d 1210, 1216 (Pa. Super. 2014) (some citations and quotation marks omitted).

Instantly, the certified record at docket number CP-39-CR-0000423-2011 contains a warrant for Appellant's arrest, filed on December 16, 2010. Thus, Appellant's assertion fails because not only is his claim predicated upon a false "fact" that is not new, but he did not exercise due diligence in ascertaining such information. While our Supreme Court has held that *pro se* PCRA petitioners, who are in prison, cannot be presumed to know information that is of public record for the purpose of determining whether a fact is unknown under the exception set forth at subsection 9545(b)(1)(ii), ***Commonwealth v. Burton***, 158 A.3d 618 (Pa. 2017), Appellant is still required to act with due diligence. ***See Commonwealth v. Staton***, 184 A.3d 949, 957 (Pa. 2018) (noting the ruling in ***Burton*** does not obviate a prisoner's duty to demonstrate he exercised due diligence under 42 Pa.C.S.

- 6 -

§ 9545(b)(1)(ii)). Even though Appellant sought, under the Pennsylvania Right-To-Know Law, a copy of his arrest warrant at said docket number, he did not make such request until 2016, nearly six years after it was issued. Appellant has not offered any explanation as to why it took him nearly six years to write to various government offices to inquire about the existence of his arrest warrant, which does in fact exist and is included in his certified record. Thus, Appellant has failed to invoke the newly-discovered facts exception.

Accordingly, the PCRA court properly denied Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/19