J-S19043-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| Appellee | : |
| | : |
| v. | : |
| | : |
| JERMILL EDWARDS, | : |
| | : |
| Appellant | : No. 1568 EDA 2018 |

Appeal from the PCRA Order May 10, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005799-2014

BEFORE:   LAZARUS, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED JULY 16, 2019**

Jermill Edwards (Appellant) appeals from the order entered May 10, 2018, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court set forth the procedural and factual background as follows.

> On April 4, 2014, [Appellant] was arrested and charged with aggravated assault and related offenses.  The charges stemmed from a shooting on February 23, 2014, where [Appellant] shot a Temple University student in the abdomen outside of a Philadelphia club.  [Appellant] had earlier been evicted from the club after a fight.  The victim had not been involved in the fight.  At the time of the shooting, [Appellant] was ineligible to possess a firearm because of a prior felony conviction.
>
> On September 29, 2016, [Appellant] entered into a non-negotiated guilty plea to aggravated assault [] and possession of a firearm prohibited [].  On January 4, 2017, [the trial court] sentenced [Appellant] to five-and-[one]-half to eleven years of

---

* Retired Senior Judge Assigned to the Superior Court.

imprisonment plus five years of probation for aggravated assault with a concurrent sentence of five to ten years for possession of a firearm prohibited.[2]  [Appellant] did not file a post-sentence motion or a notice of appeal.

_____
[2] Other charges were *nolle prossed*.

    On March 2, 2017, [Appellant] timely filed a *pro se* [PCRA] petition.    On March 23, 2017, PCRA counsel entered his appearance.    On October 31, 2017, PCRA counsel filed an amended petition claiming that [Appellant's] plea was unlawfully induced and that counsel was ineffective with regard to [Appellant's] guilty plea.

    On March 12, 2018, the Commonwealth filed a motion to dismiss.  On April 4, 2018, [the PCRA court] filed a notice of dismissal under [Pa.R.Crim.P.] 907.[1]  On May 11, 2018, [the PCRA court] dismissed [Appellant's] petition.

_____
[1] Appellant did not respond.

PCRA Court Opinion, 8/17/2018, at 1-2 (citation to the record and some footnotes omitted).  This timely-filed appeal followed.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In reviewing an appeal from the denial of PCRA relief, "[w]e must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Mikell**, 968 A.2d 779, 780 (Pa. Super. 2009) (quoting **Commonwealth v. Lawrence**, 960 A.2d 473, 476 (Pa. Super. 2008) (citations omitted)).

In its opinion, the PCRA court found Appellant waived, due to lack of specificity in his Rule 1925(b) statement, his claims that his guilty plea was

unlawfully induced and that his plea counsel was ineffective for causing him to enter an involuntary or unknowing guilty plea. *Id.* at 2-3. Nonetheless, the PCRA court addressed the merits of these two claims, determined they warranted no relief, and rejected Appellant's claim that it had erred in failing to grant an evidentiary hearing. *Id.* at 3-8. On appeal, Appellant first challenges the PCRA court's finding of waiver due to lack of specificity. Appellant's Brief at 13-15. According to Appellant, his 1925(b) statement is specific enough for the PCRA court "to ascertain or otherwise understand the basis for Appellant's claims." Appellant's Brief at 15. In his 1925(b) statement, Appellant set forth the following claims.

1. The [PCRA] court was in error in denying the amended PCRA [petition] due to ineffectiveness of counsel in failing to properly represent [Appellant.] The issues are explained in the amended PCRA [petition] filed by counsel and include the following:

   A. The guilty plea was unlawfully induced.

   B. Counsel was ineffective for causing [Appellant] to enter an involuntary or unknowing guilty plea.

2. The [PCRA] court was in error for failing to grant an evidentiary hearing.

1925(b) Statement, 6/25/2018, at 1-2 (unnumbered). In his amended PCRA petition, Appellant likewise claimed his "guilty plea was unlawfully induced" and that counsel was "ineffective for causing [Appellant] to enter an involuntary or unknowing guilty plea." Amended PCRA Petition, 10/31/2017, at 3. Attached to his amended petition was a memorandum of law in support

thereof. Therein, Appellant argued that counsel coerced him to plead guilty "because he would likely be convicted of attempted murder,"[2] receive the maximum sentence, and be "treated as if he had killed someone." *Id.* at 9-10. Appellant further claimed that counsel failed to discuss a defense strategy, hire investigators, or obtain exculpatory forensic, ballistics, and video surveillance evidence showing he is innocent, and told Appellant that "she did not want to be responsible for successfully defending a case in which a Temple University student had been shot." *Id.* at 9-10.

Rule 1925(b) provides, *inter alia*, that the statement of errors complained of on appeal "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "If a Rule 1925(b) statement is too vague, the trial judge may find waiver and disregard any argument." *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006).

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

*Id.*, *quoting* *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006).

Moreover, a Rule "1925(b) statement should include a concise statement of each issue to be raised on appeal without reference to other

_____

[2] Appellant was charged with, *inter alia*, attempted murder.

- 4 -

documents." ***Commonwealth v. Dodge***, 859 A.2d 771 (Pa. Super. 2004), *vacated on other grounds*, 859 A.2d 771 (Pa. 2004). In ***Dodge***, the Rule 1925(b) statement challenged Dodge's sentence as excessive, and incorporated eight arguments which he had previously set forth in his post-sentence motions. In declining to find waiver, we explained as follows.

> We do not condone [Dodge's] incorporation by reference of other documents in his [Rule] 1925(b) statement. A [Rule] 1925(b) statement should include a concise statement of each issue to be raised on appeal without reference to other documents. Nonetheless, the arguments [Dodge] raises with regard to this sentencing are largely the same as those he raised in his post sentence motions. The trial court understood the issues [Dodge] raised with regard to his sentence, and referred us to portions of the record in which the court addressed [Dodge's] arguments. Therefore, [Dodge's Rule] 1925(b) statement has not hampered review of the sentencing issues.

***Dodge***, 859 A.2d at 774.

In light of the foregoing, if we look to the four corners of Appellant's Rule 1925(b) statement, we agree with the PCRA court that it is too vague to allow meaningful review. Nonetheless, the claims Appellant raised in his Rule 1925(b) statement are the same as those raised in his amended PCRA petition, where he explained with some specificity the basis for his claims. ***See Dodge, supra***. The PCRA court understood the issues Appellant raised with regard to his guilty plea, and in its opinion, referred us to those portions of the record in which it addressed Appellant's arguments. ***See id.*** Therefore, Appellant's Rule 1925(b) statement has not hampered review of his challenges relating to his guilty plea, and we decline to find them waived. ***See id.***

However, "[i]t is well-settled that this Court may affirm on any basis." *Commonwealth v. Clouser*, 998 A.2d 656, 661 n.3 (Pa. Super. 2010).

We now turn to the merits of Appellant's claims. Appellant first challenges the voluntariness of his plea pursuant to 42 Pa.C.S. § 9543(a)(2)(iii). *See* Appellant's Brief at 19-22. In considering this issue, we bear in mind the following. Under the PCRA, the petitioner must plead and prove by a preponderance of evidence that his conviction or sentence resulted from a guilty plea "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii). "A valid guilty plea must be knowingly, intelligently, and voluntarily entered." *Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citation omitted).

> The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Id.* (citations omitted); *see also* Pa.R.Crim.P. 590. "Once the defendant has entered a guilty plea, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v.*

*Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013) (citation and internal quotation marks omitted). "[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Id.* (citation omitted; brackets in original). "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa. Super. 2018) (citation omitted).

The PCRA court determined that Appellant entered his guilty plea knowingly, voluntarily, and intelligently.

> [Appellant] completed a written guilty plea colloquy in which he affirmed that no one promised him anything, threatened him, or forced him to plead guilty. In the written colloquy, [Appellant] acknowledged his rights, including that he had a right to a jury trial in which he would be presumed innocent and that the Commonwealth would have to prove him guilty beyond a reasonable doubt. [Appellant] also acknowledged in his written colloquy that he was satisfied with counsel's advice, that he had enough time to talk with counsel about his case, and that [Appellant] alone decided to plead guilty. Further, [Appellant] affirmed by pleading guilty that he was giving up the right to defend his case and that he would be unable to later claim he was not guilty.
>
> To ensure that [Appellant] understood his rights – including his appellate rights – and was making a knowing, voluntary, and intelligent decision to plead guilty, [the trial court] supplemented the written colloquy with an extensive oral colloquy. During the oral colloquy, [the trial court] explained the maximum sentences and fines for the charges and confirmed that [Appellant] understood the elements for each charge. [Appellant] acknowledged that he could read, write, and understand English,

was not under the influence of drugs or alcohol, did not suffer from a mental illness, understood the rights he was waiving by pleading guilty, and was satisfied with counsel's representation. [Appellant] also apologized to the victim at the sentencing hearing and stated that he knew he had done things wrong and wanted to better himself. At no point during the plea colloquy or at the time of sentencing did [Appellant] object to the plea or represent that he was displeased with counsel's representation.

PCRA Court Opinion, 8/17/2018, at 4-5 (citations to the record omitted). Our review of the record confirms that Appellant completed extensive guilty plea colloquies, both written and oral, covering all necessary topics for a valid plea colloquy. *See* Written Guilty Plea Colloquy, 9/29/2016, at 1-4; N.T., 9/29/2016, at 4-15. Accordingly, this challenge affords Appellant no relief. *See Pier*, 182 A.3d at 480.

Next, Appellant claims the PCRA court erred in concluding that counsel was not ineffective in his representation of Appellant in connection with his guilty plea. *See* Appellant's Brief at 17-24. Specifically, Appellant claims counsel coerced him to plead guilty because she

did not adequately inform [him] about the charges to which he was pleading, the sentencing consequences of his plea, [and] the rights he was waiving by his plea, and through her failures as an attorney – not discussing strategy, not interviewing witnesses sufficiently, and declaring her unwillingness to zealously represent him at trial – she essentially forced his hand.

*Id.* at 20.

"Allegations that counsel misadvised a criminal defendant in the plea process are properly determined under the ineffectiveness of counsel subsection of the PCRA [42 Pa.C.S. § 9543(a)(2)(ii),] not the subsection

- 8 -

specifically governing guilty pleas [42 Pa.C.S. § 9543(a)(2)(iii)]."

*Commonwealth v. Lynch*, 820 A.2d 728, 730 n.2 (Pa. Super. 2003). We

observe the following with respect to ineffective-assistance-of-counsel claims.

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (internal

citations omitted). Because Appellant entered into a guilty plea, we keep in

mind the following.

> The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea.

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

> Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely

refers to a probability sufficient to undermine confidence in the outcome.

Our Supreme Court also has held as follows:

> Central to the question of whether a defendant's plea was entered voluntarily and knowingly is the fact that the defendant know and understand the nature of the offenses charged in as plain a fashion as possible.... A guilty plea is not a ceremony of innocence, it is an occasion where one offers a confession of guilt. Thus, ... a trial judge and, by extension, plea counsel is not required to go to unnecessary lengths to discuss every nuance of the law regarding a defendant's waiver of his right to a jury trial in order to render a guilty plea voluntary and knowing.

*Commonwealth v. Barndt*, 74 A.3d 185, 192-93 (Pa. Super. 2013)

(citations, quotation marks, and brackets omitted).

In the instant case, during an on-the-record discussion with counsel at his guilty plea hearing, Appellant acknowledged he was satisfied with counsel. The following exchange took place.

> [PLEA COUNSEL]: Your Honor, I want to thank the Court for allowing me to speak with [Appellant] in the consultation booth before he came into the courtroom today to enter the guilty plea.
>
> And I want to thank the Commonwealth for giving me an offer in advance which allowed me to go up to the prison yesterday and speak with my client at length about the pros and cons of the offer, what we would have done at trial, and the rights that he was giving up.
>
> May I ask [Appellant], are you satisfied with the services I've rendered for you?
>
> [APPELLANT]: Yes.
>
> [PLEA COUNSEL]: Have you had enough time to talk to me about the plea you're entering?

[APPELLANT]: Yes.

[PLEA COUNSEL]: And you do not have any questions for me or the Judge or the Commonwealth about the plea that you entered?

[APPELLANT]: No.

N.T., 9/29/2016, at 14-15; *see also id.* at 6 (Appellant affirming that he reviewed the written guilty plea colloquy with counsel and had enough time to talk to counsel about his case); Written Guilty Plea Colloquy, 9/29/2016, at 3 (Appellant affirming that he was satisfied with the advice and service he received from counsel, that counsel spent enough time on his case, that Appellant had enough time to talk with counsel, that counsel left the final decision to Appellant, and that Appellant decided himself to plead guilty). As discussed *supra*, Appellant's plea was entered knowingly, voluntarily, and intelligently, and Appellant is bound by the statements he made in open court while under oath. *Pier*, 182 A.3d at 480. Accordingly, Appellant's contention that counsel's ineffectiveness caused him to enter an unknowing and involuntary plea has no merit.[3]

For these reasons, Appellant has failed to convince this Court that the PCRA court erred by dismissing his petition without a hearing. *See Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) ("There is

---

[3] Because we have determined that Appellant's underlying claim is without merit, we need not continue with the remainder of the analysis. "A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of th[e] three prongs." *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary.").

Based on the foregoing, Appellant's claims do not warrant him relief and thus, the PCRA court did not err by dismissing Appellant's PCRA petition. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/16/19